Per Curiam.
It appears from the bill, answer, and testimony in this case, that the complainant and defendant, * being both single men and intimate friends, about the year 1800, the defendant informed the complainant that he was about to be married, upon which the complainant told him that he would give him a piece of land as a gift, to settle on. The marriage took place, and the defendant applied for performance of the promise 5 upon which the complainant executed his bond to the defendant, in the penalty of $2,000, to make him a title to 320 acres of land out of an entry he then had of 580 acres, particularly describing which part of said entry should be conveyed. The defendant settled the land given and described in the said bond, lived thereon several years, and made valuable improvements. In the year 1811, no conveyance being made by the complainant, the defendant instituted a suit against him, upon the bond aforesaid, prosecuted the same to judgment, and recovered thereon $433, besides costs amounting to $87 ; against which recovery the complainant prays a perpetual injunction. The question that this case presents for the opinion of the court is, simply, whether equity will give relief upon a contract under seal to the party who has executed the same, upon thé ground that it was merely voluntary and without consideration; and this court is of opinion equity will not. But it is to be observed that this is under the supposition, first, that the contract is perfectly fair and free from fraud; for if fraud enters into it, it vitiates it, as it does every transaction whatever. And in such case, if fraud was proved to exist, equity would give relief. 1 Fonb. 347. Secondly, that the purchasers are not affected by it. Sugden, 433; Newland, 392. And thirdly, creditors. In the present case, therefore, no fraud appearing, and the rights of purchasers and creditors not coming in question, the complainant’s bill must be dismissed with costs.
See, as to relief against voluntary conveyances, Hadley v. Latimur, 3 Ter. 537; Pearl v. Hansborough, 9 Hum. 426; King’s Digest, 3187.